UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Fox Sports Net Minnesota, LLC,
a Delaware limited liability
company,

Plaintiff,

v.

Minnesota Twins Partnership,
a Minnesota general partnership,
and Kevin Cattoor, its Chief
Operating Officer,

Defendants.

---

Case No. 01-CV-961 DSD/SRN

**STIPULATION AND PROTECTIVE ORDER**

The parties in the above-entitled matter, Plaintiff Fox Sports Net Minnesota, LLC, and Defendants Kevin Cattoor and the Minnesota Twins, hereby stipulate and agree to this Stipulation and Protective Order as follows:

1. Whenever any person, including a person who is not a party to this action, provides to any party to this action any material that the producing party contends is entitled to confidential treatment, that person (the "producing party") may designate the material as "Confidential." Such material is referred to in this Protective Order as "Confidential Material." A producing party may also designate material as "Attorneys Eyes Only." Access to such material is limited as provided herein.

2. A producing party may designate as "Confidential" or "Attorneys Eyes Only" any material provided during discovery or as part of Federal Rules of Civil Procedure 26 disclosures to any party in this action, including, without limitation, documents, testimony at depositions,

FILED SEP 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

responses to interrogatories, information obtained from inspection of premises or tangible objects, responses to requests for admission, and documents or testimony furnished pursuant to Federal Rule of Civil Procedure 45.

3. To designate documents or written discovery responses as Confidential or Attorneys Eyes Only Material, the producing party shall mark each page that is entitled to that treatment with a stamp stating that the material is "Confidential" or "Attorneys Eyes Only." To designate deposition transcripts as Confidential or Attorneys Eyes Only Material, the producing party must notify the other parties of that portion of the transcript that is to be treated as Confidential or Attorneys Eyes Only Material within thirty (30) days after receipt of the transcript.

4. Except with the prior written consent of the providing party, or as hereinafter provided under this Stipulated Protective Order, Confidential or Attorneys Eyes Only Material shall not be used by anyone other than the producing party for any purpose other than the prosecution or defense of this action.

5. Persons producing discovery material may designate as "Confidential" any information involving: (a) a trade secret or other confidential or proprietary information; or (b) marketing, pricing, or financial plans, analysis or projections. Persons producing discovery material may designate as "Attorneys Eyes Only" any information that it believes in good faith constitutes the producing party's highly confidential non-public business plans, strategies, or projections or other confidential or proprietary information.

6. Except with the prior written consent of the producing party, or absent the prior order of this Court, material designated as "Confidential" may not be disclosed to any person other than:

a. The officers, directors and employees of the parties in this case;

b. Outside counsel for the parties to this action, including the paralegal, clerical and secretarial staff employed by such counsel;

c. In-house litigation counsel of the parties, including the paralegal, clerical, and secretarial staff employed by such in-house litigation counsel;

d. Officers, employees or representatives of the party producing such material;

e. Experts and outside consultants retained by a party to assist in the prosecution, defense or settlement of this action, and persons regularly employed by such experts and consultants;

f. Persons with prior knowledge of the documents or the confidential information contained therein and their agents;

g. Deponents or potential witnesses in this action;

h. Court reporters and their staff;

i. The Court and any persons employed by the Court; and

j. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Before disclosure of Confidential Information is made to any person other than counsel of record, their employees, in-house litigation counsel, and designated employees of the parties, or the Court or its personnel, that person shall first read a copy of this Protective Order and in writing agree to be bound by its terms by executing a "Confidentiality Agreement" in the form appended hereto as Exhibit A. Counsel shall maintain a list of all persons to whom that party

discloses the other party's (or non-party's) Confidential Information and shall retain a copy of all Confidentiality Agreements signed by such persons.

7. Unless otherwise stipulated by the parties, Material designated as "Attorneys Eyes Only" may be disclosed, summarized or otherwise communicated in whole or party only to the persons listed in paragraphs 6(b), 6(c), 6(h), 6(i), and 6(j), who may make use of such information only in this litigation. In addition, Material designated as "Attorneys Eyes Only" may be disclosed, summarized or otherwise communicated in whole or in part to experts or consultants by a party in accordance with paragraph 6(e) provided that such expert: (i) is specifically retained to provide consultation or testimony in this action, (ii) is not an employee of any party during this action and has not received an offer or promise of employment, either conditional or unconditional, prior to the conclusion of this action, including any appeals, (iii) does not receive any remuneration or consideration, directly or indirectly, from any party except as fees and disbursements paid for consultation and/or testimony in this action, (iv) has read this Protective Order and agrees to abide by its terms by executing a copy of Exhibit A hereto, and (v) has executed a letter which must be sent to all parties hereto stating that he or she is not currently a competitor of the other party within two years and does not represent any entity as legal counsel that is adverse to the other party or its affiliates in any pending litigation, provided that no other party challenges the disclosure of "Attorneys Eyes Only" materials to the expert or consultant within 10 business days of receipt of the letter described in this subparagraph (v).

8. If any party files with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, summarizing, excerpting, or otherwise embodying Confidential or Attorneys Eyes Only Material, the pleading or other paper in which the

Confidential or Attorneys Eyes Only Material is embodied shall be filed and maintained under seal and shall not be available for public inspection. The party making the filing shall be responsible for filing the pleading or other paper in a sealed envelope, with a cover sheet stating:

> Confidential [or Attorneys Eyes Only] - this document is subject to a Stipulated Protective Order approved by the Court and may not be examined or copied except in compliance with that Order.

9. If a party objects to the designation of any material as Confidential or Attorneys Eyes Only Material, the party may file a noticed motion challenging the designation. To maintain Confidential or Attorneys Eyes Only Material status, the proponent of the Confidential or Attorneys Eyes Only Material claim must show that is entitled to such protection under applicable law. Pending resolution of a dispute over whether material should be accorded confidential treatment, all parties and all other persons bound by this Order shall continue to treat the material as Confidential or Attorneys Eyes Only Material until the issue is resolved by the Court.

10. Subject to the Federal Rules of Evidence, stamped Confidential or Attorneys Eyes Only Material documents and other information may be offered in evidence during trial provided that the proponent of the evidence takes reasonable steps to afford counsel for the producing party the opportunity to move the Court for an order that the evidence be received in camera or under the conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential or Attorneys Eyes Only Material and, if so, what protection, if any, may be afforded to such information during trial.

11. If any Confidential or Attorneys Eyes Only Material is inadvertently provided to a discovering party without being marked as Confidential or Attorneys Eyes Only Material in

accordance with this Protective Order, the failure to so mark the material shall not be deemed a waiver of its Confidential or Attorneys Eyes Only Material status. Until the material is designated as Confidential or Attorneys Eyes Only Material by the producing party, however, the discovering party shall be entitled to treat the material as non-confidential.

12. Nothing herein shall prevent disclosure beyond the terms of this Stipulated Protective Order if the party providing Confidential or Attorneys Eyes Only Material consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. This Stipulated Protective Order is without prejudice to the right of any party to seek modification of this Protective Order, to apply to the Court for permission to disclose Confidential or Attorneys Eyes Only Material, or to apply to the Court for an Order imposing further restrictions or specified Confidential or Attorneys Eyes Only Material.

13. Nothing contained in this Protective Order shall preclude any party from using its own Confidential or Attorneys Eyes Only Material in any matter it sees fit, or from revealing such Confidential or Attorneys Eyes Only Material to whomever it chooses, without the prior consent of the other parties or the Court.

14. This Stipulated Protective Order does not prevent disclosure of Confidential or Attorneys Eyes Only Material if a party who received Confidential or Attorneys Eyes Only Material is later required by law, regulation, subpoena, or order to disclose or provide that Confidential or Attorneys Eyes Only Material to any person or to any judicial, governmental, or administrative body. The party required by law, regulation, subpoena, or order to disclose or provide such information, however, must give the other party whose Confidential or Attorneys Eyes Only Material is at issue prior written notice before any such disclosure is made.

15. Within ninety (90) days after final conclusion of all aspccts of this casc, all Confidential or Attorneys Eyes Only Material and copies thereof, except for any such information that becomes part of the public record in proceedings of the Court, shall be returned to the producing party by all persons to whom such material has been furnished.

16. This Stipulated Protective Order will take effect upon execution by the parties.

Dated: September 13, 2001

KELLY & BERENS, P.A.

By: Barbara P. Berens

Barbara P. Berens, #209788
John D. Bessler, #218418
3720 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 349-6171

***Attorneys for Plaintiff Fox Sports Net Minnesota, LLC***

Dated: September 13, 2001

DORSEY & WHITNEY LLP

By: ____________________

Roger J. Magnuson #0066461
Peter W. Carter #0227985
Andre Hanson #0258234
220 South Sixth Street, Suite 1300
Minneapolis, MN 55402-1498
612-340-2600

***Attorneys for Defendants Minnesota Twins Partnership and Kevin Cattoor***

Dated: September 14, 2001

**BY THE COURT:**

Susan Richard Nelson

**EXHIBIT A**

**AGREEMENT TO RESPECT CONFIDENTIAL AND ATTORNEYS EYES ONLY INFORMATION**

I am fully familiar with the Protective Order of the District Court issued on the _____ day of ____________________, 2001, in the case of Fox Sports Net Minnesota, LLC v. the Minnesota Twins Partnership and Kevin Cattoor, Civil No. 01-961 (DSD/SRN), in the United States District Court for the District of Minnesota, a copy of which Protective Order has been delivered to me to keep with my copy of this Confidentiality Agreement, and I agree to be bound by all terms of said Protective Order. I agree that breach of the terms of this Confidentiality Agreement and the Protective Order would place me in contempt of the Court and would be directly actionable by any person or entity whose Confidential or Attorneys Eyes Only Material is disclosed in violation of this Confidentiality Agreement and the Protective Order, at law and equity. I understand that the terms Confidential or Attorneys Eyes Only Material have the meaning provided in said Protective Order.

_______________________________________
(Signature)

_______________________________________
(Name Printed)

_______________________________________
(Street Address)

_______________________________________
(City) (State) (Zip Code)

Subscribed and sworn to before me
this ______ day of __________, 2001.

_____________________________
Notary Public

SEP 14 2001

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500