01-961 DSD/SRN Fox Sports Net Minnesota vs. Minnesota Twins Partnership

PLEASE NOTE CORRECTED FILING DATE ON ORDER

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-961(DSD/SRN)

Fox Sports Net Minnesota, LLC,
a Delaware limited liability
company,

Plaintiff,

v.

**ORDER**

Minnesota Twins Partnership,
a Minnesota general partnership,
and Kevin Cattoor, its Chief
Operating Officer,

Defendants.

This matter is before the court upon plaintiff's objections to Magistrate Judge Susan Richard Nelson's report and recommendation, dated December 11, 2001 [Docket No. 33]. In the report, the magistrate judge recommended that plaintiff's motion to dismiss counts II, III, IV and V of defendants' counterclaim be denied. Plaintiff objects to the magistrate judge's recommendation to insure that the ruling on plaintiff's motion to dismiss does not have the effect of eliminating plaintiff's affirmative defenses to defendants' counterclaims and to the extent that the report does not recognize as absolutely privileged letters sent by plaintiff's attorneys in this litigation to various sports teams and cable operators. After a de novo review of the record, the court adopts

FILED 1-22-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ____
Deputy Clerk's Initials ____

the magistrate judge's recommendation, but does not adopt the magistrate judge's analysis of plaintiff's affirmative defenses.

First, the court concurs with the magistrate judge's decision to deny plaintiff's motion to dismiss. The court, however, does not adopt the magistrate judge's analysis of plaintiff's affirmative defenses. The analysis is not necessary to the determination that the plaintiff's motion to dismiss be denied based on "an insufficient record." (Report and Recommendation at 8.) The ruling on plaintiff's motion to dismiss therefore will not have the effect of eliminating plaintiff's affirmative defenses to defendants' counterclaims in future proceedings.

Second, the magistrate judge correctly found that the letters sent by plaintiff's attorneys to various sports teams and cable operators are not entitled to absolute immunity. In particular, the magistrate judge accurately distinguished Pinto v. Internationale Set, Inc., 650 F. Supp. 306 (D. Minn. 1986), finding that, unlike the letter in Pinto, "Plaintiff's communications were not only sent to Defendants and their current business partners, letters were also sent to prospective business partners." (Report and Recommendation at 13.) Thus, the court adopts the magistrate judge's analysis that the letters sent by plaintiff's attorneys in this litigation to various sports teams and cable operators are not entitled to absolute immunity.

Accordingly, after conducting a de novo review of the file and record, the court adopts the magistrate judge's recommendation to deny plaintiff's motion to dismiss counts II, III, IV and V of defendant's counterclaim, but does not adopt the magistrate judge's findings with respect to plaintiff's affirmative defenses. Therefore, **IT IS HEREBY ORDERED** that plaintiff's motion to dismiss counts II, III, IV and V of defendants' counterclaim [Docket No. 16] is denied.

Dated: January 22, 2002

David S. Doty, Judge
United States District Court